**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**CIVIL ACTION NO. 1:17-cv-10754**

|  |  |
|---|---|
| JAMES DICKEY,<br> Plaintiff,<br><br>v.<br><br>INSPECTIONAL SERVICES<br>DEPARTMENT of the CITY OF<br>BOSTON,<br> Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT, INSPECTIONAL SERVICES DEPARTMENT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

### INTRODUCTION

The City of Boston, through its Inspectional Services Department ("ISD"), requests this Honorable Court to dismiss the Complaint of the Plaintiff, James Dickey, in its entirety pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). As grounds therefore, ISD states that this Court lacks subject matter jurisdiction over the claims because they are moot and that Dickey's Complaint seeks to have the District Court, a court of original jurisdiction, exercise, in effect, appellate jurisdiction over the issuance of a state court order.

Furthermore, the Complaint fails to state a claim that Dickey's procedural due process rights have been violated. Finally, in its consideration of ISD's Motion to Dismiss, this Court should consider Dickey's history of frivolous and vexatious lawsuits filed against ISD and resist Dickey's continued attempts to use the federal court system to interfere with ISD's enforcement of Massachusetts' public health and sanitation laws and regulations.

## FACTUAL BACKGROUND

East Fourth Street LLC is the record owner of a multi-family dwelling located at 97 Mt. Ida Road, Dorchester, Massachusetts (the "Property"). Pl's Compl., ¶ 1. The Plaintiff, James Dickey, is the sole manager of East Fourth Street LLC. Id.

ISD is a City of Boston agency charged with and "responsible for the enforcing of building, housing, health, sanitation and safety regulations in the City of Boston." Id. at ¶ 2. On April 29, 2017, ISD took steps to abate the public nuisance present on the Property. To do so, ISD installed plywood over front and rear doors and windows on the Property. Id. at ¶ 6.

The day before, on April 28, 2017, ISD applied for a temporary restraining order from the Boston Housing Court, asking the Housing Court to: (1) enjoin Dickey from denying access to ISD to abate the public health nuisance; (2) that ISD be authorized to enter, clean and sanitize the Property and remove all trash and debris; and (3) that ISD be authorized to re-secure the Property after abatement of the public nuisance. Id. at ¶ 8. See also Ex Parte Mot. For TRO & For Authorization To Abate A Public Health Nuisance at 3, City of Boston Inspectional Servs. Dep't v. East Fourth St., LLC (No. 17-CV-257) (Bos. Housing Ct. Apr. 28, 2017), attached hereto as Exhibit A.[1] Judge Jeffrey Winik granted the temporary restraining order on the same day, and specifically ordered the Defendant to desist from "interfering with the actions of [ISD]" and permitting ISD to "enter on to the property and take all steps necessary to secure the premises . . . exterminate for vermin [and] remove all trash [and] debris from the property." Grant of TRO, City of Boston Inspectional Servs. Dep't v. East Fourth St., LLC (No. 17-CV-257) (Bos.

---

[1] The District Court may consider materials outside of the pleading that are used to support a moving party's objection to subject matter jurisdiction. Jerome Stevens Pharm., Inc. v. FDA, 402 F.3d 1249, 1253 (D.C. Cir. 2005). The documents attached hereto are being presented by ISD solely for the purpose of contesting the District Court's subject matter jurisdiction over the Plaintiff's claims.

Housing Ct. Apr. 28, 2017), attached hereto as Exhibit B.  ISD and Dickey were ordered to return on May 5, 2017, for a follow-up hearing.  Id.

On May 5, 2017, without hearing, Judge Winik extended the April 28, 2017 Order through May 15, 2017.  Id.  The Order is no longer in effect.

**STANDARD OF REVIEW**

In reviewing a dismissal of a complaint at the motion to dismiss stage, a court will accept all well-pleaded factual allegations in the complaint as true.  Negron-Gaztambide v. Hernandez-Torres, 35 F.3d 25, 27 (1st Cir. 1994).  However, while a plaintiff need not make detailed factual allegations, he or she is obligated to support his or her claim with more than mere "labels and conclusions."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, the factual allegations must "state a claim to relief that is plausible on its face."  Id.  When ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), the court may consider evidence submitted outside of the parties' pleadings.  Aversa v. United States, 99 F.3d 1200, 1210 (1st Cir. 1996).

**ARGUMENT**

**I.   The Complaint Should Be Dismissed Because It Is Moot.**

Dickey's Complaint seeks permanent injunctive relief against ISD's ability to enter his building "without a valid warrant or a recognized emergency."  Pl's Compl., at 5.  However, after the filing of this action, on May 15, 2017, the temporary restraining order issued by the Boston Housing Court expired and ISD has not sought further extension of said order.  Furthermore, the actions complained of by Dickey have occurred pursuant to the express authorization of the Boston Housing Court order.

The justiciability of a complaint and its claims is anchored in the existence of an actual case or controversy between a complainant and the parties complained against.  U.S. Const. art.

III, § 2, cl. 1. A case is rendered moot, even if a case or controversy existed at the time of filing, when circumstances are such that there is no longer "any possibility of effectual relief." Maine Sch. Admin. Dist. No. 35 v. Mr. & Mrs. R., 321 F.3d 9, 17 (1st Cir. 2003). "In a suit seeking only injunctive relief, this ordinarily means that once the act sought to be enjoined occurs, the suit must be dismissed as moot." Id.

Dickey complains of ISD's boarding of the Property and its receipt of temporary restraining orders from the Boston Housing Court to carry out its responsibilities without interference from Dickey. This action, filed on May 1, 2017, arose from ISD's receipt of a temporary restraining order, and its actions taken pursuant to said order. As previously described, the order authorized ISD to enter the Property, clean and sanitize the Property, and then re-secure the Property after the public nuisance had been abated.

ISD has already taken the action allowed by the Boston Housing Court pursuant to the order. Furthermore, the order expired on May 15, 2017. Plaintiff's Complaint only seeks injunctive relief from activities that have already occurred and from activities that were expressly authorized by an order of the Boston Housing Court that has since expired. There is no longer a possibility of effectual relief as the conduct the Plaintiff complains of has already ceased.

II. **The District Court Lacks Subject Matter Jurisdiction Over The Complaint Because The Plaintiff Seeks Review Of A State-Court Judgment In Federal District Court.**

The Complaint should be dismissed because this Court lacks subject matter jurisdiction. Specifically, Dickey is challenging conduct that was expressly permitted by a state court order; therefore, this action is akin to an appeal of the decision by the Boston Housing Court. Federal district courts are courts of original jurisdiction and cannot serve as a forum for appeals from state court decisions.

Under the established *Rooker-Feldman* doctrine, a Federal district court has no authority to review state court final judgments in judicial proceedings.  See <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, 482 (1983); <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 416 (1923) ("Under the legislation of Congress, no court of the United States other than [the Supreme Court] could entertain a proceeding to reverse or modify the judgment for errors of [a state court]."). Of course, this is because Federal district courts exercise original, not appellate, jurisdiction.  <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>, 544 U.S. 280, 283 (2005). Accordingly, where Federal district courts are invited to review final state court judgments, such cases must be dismissed for lack of subject matter jurisdiction.

As Dickey admits in his Complaint, "the Plaintiff was told by [ISD] that [ISD] has applied for and received a temporary restraining order allowing [ISD] to remove the Plaintiff's belongings from the Property." Pl's Compl., ¶ 8.  In fact, all of ISD's conduct arose from the authorization granted to it by the Boston Housing Court's temporary restraining order. The temporary restraining order prohibited Dickey from interfering with ISD's access to the Property to abate the public nuisance, authorized ISD to enter, clean and sanitize the Property, and authorized ISD to re-secure the Property, including its boarding, after the Property had been sanitized.

After the order issued, Dickey had several options in state court.  He could have sought a vacate order, asked for injunctive relief before the Boston Housing Court against ISD, or sought a stay of the temporary restraining order while he appealed.  Instead, Plaintiff filed a new action in Federal district court seeking an intervention by this Court to void the order of the Boston Housing Court and enjoin the conduct the state court order expressly authorized.  Even if the decision was somehow improper or failed to consider Dickey's constitutional protests to ISD's

activity, the order could only be vacated or corrected through an appropriate and timely appeal to a state appellate court. See Rooker, 26 U.S. at 415 ("If the decision was wrong, that did not make the judgment void, but merely left it open to reversal or modification in an appropriate and timely appellate proceeding."). Dickey's fresh Federal district court Complaint seeks reversal of a state trial court order, which is outside the purview of this Court. Accordingly, the Complaint should be dismissed for lack of subject matter jurisdiction.

### III. The Plaintiff's Complaint Should Be Dismissed For Failing To State A Claim Under 42 U.S.C. § 1983.

Dickey brings claims pursuant to 42 U.S.C. § 1983, alleging violations of his procedural due process rights. In order to succeed on Section 1983 grounds, a claimant must demonstrate that the conduct complained of was committed under color of state law and that the conduct worked a denial of the claimant's rights under the Constitution. Chongris v. Board of Appeals of Andover, 811 F.2d 36, 40 (1st Cir. 1987). Dickey fails to allege that his constitutional rights have been denied by ISD. In conclusory fashion, Dickey alleges violations of his "due process" rights, but fails to explain how he has been deprived of due process of the law.

Procedural due process claims require the claimant to demonstrate that the claimant was deprived of a constitutional protected property interest and that said deprivation occurred without due process of law. Roy v. City of Augusta, 712 F.2d 1517, 1522 (1st Cir. 1983). Furthermore, a claimant must allege that the available remedies under state law are inadequate to redress the complained-against deprivation. Rumford Pharmacy, Inc. v. City of East Providence, 970 F.2d 996, 999 (1st Cir. 1992). Such a pleading omission, alone, warrants dismissal of a claimant's procedural due process claims. Id.

Dickey admits that ISD applied for and received a temporary restraining order from the Boston Housing Court. Without supporting his allegation with factual circumstances or legal

6

authority, he flatly states that he was denied access to the Property without due process. Furthermore, his Complaint makes no statement or factual allegation that he did not have adequate remedies under state law to redress the deprivation that he is claiming in his Federal district court Complaint.

But, of course Dickey had adequate remedies under state law to contest the Boston Housing Court's duly issued temporary restraining order.  Under Mass. R. Civ. P. 65(a), "[o]n 2 days' notice to the party who obtained the temporary restraining order without notice or on such shorter notice to that party as the court may prescribe, the adverse party may appear and move its dissolution or modification and in that event the court shall proceed to hear and determine such motion as expeditiously as the ends of justice require."  Under Massachusetts state law, Dickey could have sought dissolution of the temporary restraining order immediately after ISD appeared on the Property and told Dickey that they had applied for and received a temporary restraining order, as alleged in the Complaint.

This Court, however, need not go this far.  The mere failure to plead that state law does not provide adequate remedies to redress the complained-against conduct, alone, warrants dismissal.  Dickey has made no such allegation in his Complaint.

It is precisely the scenario presented by Dickey's Complaint that the pleading requirement of inadequate state remedies exists.  "If the federal courts were to entertain civil rights complaints based on procedural deprivations for which adequate state remedies exist, every disgruntled applicant could move [its procedural grievances] into the federal courts . . . [,] any meaningful separation between federal and state jurisdiction would cease to hold and forum shopping would become the order of the day."  Rumford Pharmacy, Inc., 712 F.2d at 999 (alterations in original) (internal quotation marks omitted).  Dickey should not be permitted to

usurp his procedural and appellate avenues that exist in state court, and, instead, file a new case in Federal district court. At the very least, Dickey is required to plead that such avenues were not available to him. Accordingly, the Complaint should be dismissed for failure to state a procedural due process claim.

**IV.     Plaintiff Failed To Notify This Court Of History Of Filing Frivolous And Vexatious Lawsuits.**

This is not the first time Dickey has tied up the Federal district court with meritless actions. In fact, Dickey's litigious history was noted in Judge Leo Sorokin's decision dismissing a 2016 case filed by the Plaintiff on similar grounds but related to another property he owns in South Boston. Dickey v. City of Boston, No. 16-cv-10636-LTS, 2016 WL 7365167, at *3 n.6 (D. Mass. Dec. 19, 2016). In his December 19, 2016, Order on Motions to Dismiss, Judge Sorokin warned Dickey, specifically, against "filing frivolous or vexatious suits in the future." Id., at *6. Judge Sorokin ordered Dickey that in any future complaint filed in the District of Massachusetts, he shall state the following: "Previously, one session of this Court warned Plaintiff against filing frivolous or vexatious suits. See Dickey v. City of Boston, 16-cv-10636-LTS." Id. The Plaintiff has failed to do so in his 2017 Complaint. This Complaint is another string in a long line of frivolous and vexatious lawsuits brought by the Plaintiff in the District of Massachusetts. Accordingly, it should be dismissed.

## **CONCLUSION**

For the foregoing reasons, the Defendant, Inspectional Services Department of the City of Boston, requests that this Honorable Court allow its Motion to Dismiss and dismiss the Complaint of the Plaintiff, James S. Dickey, in its entirety and with prejudice.

        Respectfully submitted,

        INSPECTIONAL SERVICES
        DEPARTMENT of the CITY OF
        BOSTON,

        By their attorney,
        Eugene O'Flaherty
        Corporation Counsel

        /s/ Sammy S. Nabulsi
        Sammy S. Nabulsi (BBO #691503)
        Assistant Corporation Counsel
        City of Boston Law Department
        One City Hall Square, Room 615
        Boston, MA 02201
        (617) 635-4064
        Sammy.nabulsi@boston.gov

Dated: June 13, 2017

## **LOCAL RULE 7.1 CERTIFICATION**

I, Sammy Nabulsi, hereby certify that I have attempted to confer with the Plaintiff, James S. Dickey, to resolve or narrow the issues presented in the Inspectional Services Department's Motion to Dismiss. As of this filing, I have not heard from the Plaintiff.

        /s/ Sammy S. Nabulsi
        Sammy S. Nabulsi

Dated: June 13, 2017

## **CERTIFICATE OF SERVICE**

    I, Sammy Nabulsi, hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF (NEF) and paper copies will be sent to those indicated as non-registered participants on June 13, 2017.

/s/ Sammy S. Nabulsi
Sammy S. Nabulsi

Dated:  June 13, 2017